POLLOCK (NEBRASKA v.). See Case No. 10,077.

---

## Case No. 11,256.
### POLLOCK v. PRATT et al.
[2 Wash. C. C. 490.] [1]

Circuit Court, D. Pennsylvania. Jan., 1811.

BANKRUPTCY—PRIORITY OF CLAIMS—CUSTOMS DUTIES—RIGHTS OF SURETY WHO HAS PAID CLAIM.

1. P. paid a sum of money to the United States, as surety of S. in a bond for duties. S. became insolvent, and assigned his effects to Baker, who received four thousand dollars under the assignment, mixed the same with his own funds, and afterwards became bankrupt, and the defendants were appointed his assignees, but no effects, known to be part of the estate of

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

S. came into his hands. The plaintiff claimed to have a preference and priority over the general creditors of Baker.

2. Although the United States might, under the sixty-fifth section of the law to regulate the collection of duties [1 Stat. 609], be entitled to claim of the defendants, to the amount which came into the hands of B., as the assignee of S., the provisions of the law do not extend to the surety who has paid the bond, the same rights and privileges.

[Cited in Grove v. Little, 11 Leigh, 195; Jackson v. Davis, 4 Mackey, 194.]

This was an action [by Pollock against Pratt and Harvey, assignees of Baker] to recover the balance of a large sum of money, paid by the plaintiff to the United States, as surety for Mr. Swanwick, in a custom-house bond; Swanwick having become insolvent, and having assigned all his estate to Baker & Shoemaker, in trust, first to discharge his custom-bonds, to indemnify his sureties, and then in trust for his other creditors. The plaintiff received sundry payments from the assignees of Swanwick, and this suit was brought for two thousand one hundred and twenty-two dollars and thirty-six cents, the balance. Baker received from the estate of Swanwick, upwards of four thousand dollars, which he mixed with his own money, and afterwards became a bankrupt, and the defendants are his assignees. No part of the estate of Swanwick has ever come to the hands of the defendants. The jury found a verdict for the plaintiff, subject to the opinion of the court upon this point, whether the plaintiff is entitled to recover, and to have a preference and priority over the general creditors of Baker?

WASHINGTON, Circuit Justice. The question submitted to the court, depends upon the sixty-fifth section of the law to regulate the collection of duties, &c. (volume 4 [Laws, Folwell's Ed.] p. 386 [1 Stat. 669]). By this it is declared, that if the obligor in a custom-house bond, become insolvent, or if his estate, in the hands of the executors, administrators, or assignees, shall be insufficient to pay all the debts of the deceased, the debt due to the United States, on such bond, shall be first satisfied, and if any executor, administrator, or assignee, or other person, shall pay any debt due by the person or estate from (it should be "for") whom, or for which they are acting, before the debts due to the United States, from such person or estate, being first satisfied, he shall be answerable, in his own person and estate, for the debts due to the United States, and actions at law may be brought against him for the recovery of the said debts. And if the principal in any such bond shall be insolvent, or being dead, his estate and effects, which shall come to the hands of his executors, administrators, or assignees, shall be insufficient for the payment of his debts, and the surety, in either case, shall pay to the United States the money due on such bond, the surety shall have the like advantage, priority, or preference, for the recovery and receipt of the said moneys out of the estate and effects of such insolvent or deceased principal, as are reserved and secured to the United States, and may maintain a suit upon the said bond, in law or equity, in his own name, for the recovery of all moneys paid thereon. The law then proceeds to state, that cases of insolvency shall be such in which a debtor shall have made a voluntary assignment for the benefit of his creditors, his estate not being sufficient to pay his debts, or where the estate of an absconding, concealed, or absent debtor is attached, as well as to cases of legal bankruptcy.

The provisions of this law, as they concern the interest and security of the United States, are so general as to create a liability to pay a cusom-house bond, not only in the original debtors, and in those who legally represent them, but in any person who may have charge of the estate and effects of the original debtor, or any other, who, in legal contemplation, has made himself debtor to the United States for the whole, or any part of the original debt, and this liability is accompanied by the additional advantage of a preference over the other creditors of the person so chargeable. To exemplify this observation; the United States possessed a right of recovery and preference, not only against Swanwick and Pollock, and against the assignees of Swanwick, but against the assignees of Baker, because, by his receipt of four thousand dollars of the estate of Swanwick, he became a debtor to the United States, and he is a person, in the words of law, for whom, and his estate is one, for which his assignees are acting, and in that capacity they are forbid to pay the other creditors of Baker, before the debt due to the United States is paid, under penalty of being themselves personally answerable to the United States. But in regard to the advantages reserved to the surety in the custom-house bond, the provisions are confined to the estate and effects of his insolvent or deceased principal, so that although, without the aid of this law, such surety may, upon common law principles, have his remedy against the representative of him who, by receiving the effects of Swanwick, became liable to pay the creditors of Swanwick, yet, under this law, he cannot claim against him the same advantage, priority or preference, to which the United States was entitled; because no part of the estate of Swanwick ever came to his hands. The money paid to Baker by his co-assignee, was mingled with his own, probably used by him, and cannot, or has not been specifically traced into the hands of the defendants.

———

POLLY, The (PUTNAM v.). See Case No. 11,482.

POLLY, The (SKIDMORE v.). See Case No. 12,923.